09/16/19 16:22:10 Orange Cty DC Scanned by Justin R.
Case 1:19-cv-00499-MJT Document 1-2 Filed 10/15/19 Page 5 of 45 PageID #: 126
FILED: 9/09/2019 4:05:59 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

CAUSE NO.: D190381-C

| | | |
|---|---|---|
| TEXAS FARMERS INSURANCE COMPANY as subrogee of GLEN AND THELMA STERLING<br>*Plaintiff*, | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | ORANGE COUNTY, TEXAS |
| BSH HOME APPLIANCES CORPORATION<br>*Defendant*. | § § § § | 260th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, TEXAS FARMERS INSURANCE COMPANY as subrogee of GLEN AND THELMA STERLING, and files this Original Petition and Request for Disclosure complaining of Defendant, BSH HOME APPLIANCES CORPORATION, and would respectfully show the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

### PARTIES

3. Glen and Thelma Sterling ("Sterling") are residents of the State of Texas and at all times herein, the owners of real and household personal property located at 980 Norbert Street, Bridge City, Orange County, Texas 77611 ("Sterling Residence").

4. Texas Farmers Insurance Company ("Farmers") is an insurance company doing business in the State of Texas. As such it does not have a driver's license or a social security

**EXHIBIT B**
TFIC aso Sterling v BSH Home Appliances

Plaintiff's Original Petition and Request for Disclosure Page 1 of 5

number. Farmers' principal office in Texas is located at 15700 Long Vista Drive, Austin, Texas 78728.

5. Defendant, BSH Home Appliances Corporation ("BSH"), is a foreign corporation organized under the laws of the State of Delaware and is authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.** *Issuance of citation is requested at this time.*

## JURSIDICTION

6. The court has jurisdiction over Defendant because it is a corporation doing business in the State of Texas.

7. The court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of the court.

## FACTS

8. On or about June 10, 2018, a fire occurred at the Sterling Residence located at 980 Norbert Street, Bridge City, Orange County, Texas 77611 involving a defective Thermador (Bosch) dishwasher bearing Model No. DWHD630GCP ("Subject Dishwasher"), that was designed, manufactured and placed into the stream of commerce by Defendant.

9. Pursuant to the terms of its homeowner's insurance policy with Sterling, Farmers paid to, or on behalf of, the Sterlings for the damage to their residence, household personal property, and additional living expenses incurred while the home was unlivable.

10. Having made payments under its insurance policy, Farmers now stands in the shoes of its insureds, Glen and Thelma Sterling, and asserts its equitable and/or contractual subrogation rights and seeks reimbursement from Defendant.

11. Plaintiff pleads the "discovery rule" and would show that the Sterlings did not know, nor should they have known by the exercise of reasonable diligence, of the facts giving rise to this incident until on or about June 10, 2018. Moreover, the damages made the basis of this lawsuit were inherently undiscoverable and objectively verifiable.

12. At all times relevant herein, Defendant was engaged in the business of *inter alia*, designing, manufacturing, selling and/or distributing dishwashers under the brand name "Thermador."

13. The Subject Dishwasher was defective when the Defendant sold, distributed and/or placed the Subject Dishwasher into the stream of commerce.

14. The defects in the Subject Dishwasher caused the dishwasher to malfunction and led to the fire that damaged the Sterling Residence.

## CAUSES OF ACTION

### *Strict Liability in Tort – Manufacturing Defect*

15. Plaintiff re-pleads, re-states, and re-alleges the previous paragraphs above as if set forth verbatim, and would show the court as follows:

16. Defendant is liable under 402a and 402b of the Restatement (Second) of Torts.

17. Defendant was, at all times material herein, engaged in the business of designing, manufacturing, and distributing dishwashers and/or its parts and/or components, under the "Thermador" name, into the stream of commerce.

18. The Subject Dishwasher was defectively manufactured at the time it was sold, distributed, and/or placed into the stream of commerce by Defendant.

19. The Subject Dishwasher reached the end-user without material modifications or alterations.

20. These defects rendered the Subject Dishwasher unreasonably dangerous.

21. The defective condition of the Subject Dishwasher was a producing cause of the damages sustained by the Sterlings and Plaintiff.

22. For these reasons, Defendant is strictly liable to Plaintiff under applicable products liability law without regard to, or proof of, negligence and/or gross negligence.

## *Negligence*

23. Plaintiff re-pleads, re-states and re-alleges the previous paragraphs above as if fully set forth verbatim, and would show the court the following:

24. At the time of the incident, Defendant owed a duty to Plaintiff to exercise reasonably prudent and ordinary care in the design, manufacture, sale and/or distribution of dishwashers, at the Sterling Residence.

25. Defendant breached this duty by negligently manufacturing, selling and/or distributing of dishwashers and by failing to act as a reasonably prudent person would have under the same or similar circumstances.

26. Defendant's negligence proximately caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

## DAMAGES

27. Plaintiff's damages consist of the following: (1) cost to repair the Sterling Residence, (2) cost to repair and/or value of damaged household personal property, and (3) additional living expenses incurred while the Sterling Residence was unlivable. Plaintiff's damages are approximately $157,126.72, which includes the Sterlings' deductible.

## REQUEST FOR DISCLOSURE

28. Pursuant to Rule 194, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (l).

## DEMAND FOR JURY TRIAL

29. Plaintiff demands a jury trial and has paid the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Texas Farmers Insurance Company as subrogee of Glen and Thelma Sterling, prays that Defendant, BSH Home Appliances Corporation, be cited to appear and to answer herein, and that upon a final hearing, the Court enter a judgment against Defendant, and in favor of Plaintiff, for a sum in the amount of Plaintiff's actual damages, with pre-judgment interests thereon at the legal rate, post-judgment interest at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

DOYEN SEBESTA & POELMA, LLLP

By: /s/ *William T. Sebesta*
William T. Sebesta
SBN: 00784941
wsebesta@ds-lawyers.com
Randall J. Poelma, Jr.
SBN: 24047823
rpoelma@ds-lawyers.com
450 Gears Road, Suite 350
Houston, TX 77067
Phone: (713) 580-8900
Fax: (713) 580-8910

ATTORNEYS FOR PLAINTIFF
TEXAS FARMERS INSURANCE
COMPANY as subrogee of GLEN AND
THELMA STERLING